IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Uzoma Odigwe, et al.,<br><br>              Plaintiffs,<br><br>v.<br><br>Social Security Administration, et al.,<br><br>              Defendants. | No.  CV-15-1497-PHX-DKD<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE SUSAN R. BOLTON, U.S. DISTRICT JUDGE:

      Plaintiffs have filed a Complaint against the Social Security Administration ("SSA"), the Federal Protective Service, and AKAL Security Company alleging race discrimination and retaliation. Plaintiffs have also requested permission to proceed without the prepayment of fees and costs on the basis of their indigency. The Court will approve the Plaintiffs' application to proceed without the prepayment of fees and costs.

      Because Plaintiffs are proceeding without the prepayment of fees and costs, the Court is required to analyze the Complaint to determine whether it sets forth claims for which relief may be granted in federal court. *See* 28 U.S.C. § 1915(e)[1]. This analysis demonstrates that Plaintiffs' Complaint must be dismissed. Because the undersigned

---

[1] This statute mentions claims brought by prisoners but the process required by Section 1915(e) is not limited to cases brought by prisoners. It applies to any case in which the plaintiff seeks relief from the requirement to prepay fees and costs. *Lopez v. Smith*, 203 F.3d 1122, 1126 n. 7 (9th Cir. 2000).

Magistrate Judge does not have the authority to take dispositive action in this case absent the full consent of the parties, the undersigned submits this Report and Recommendation to the Presiding Judge of the Phoenix Division.

Plaintiffs' Complaint alleges two periods of alleged discriminatory conduct which occurred at the Social Security Office in Phoenix, Arizona. The first period started on or before December 16, 2008, and ended March 11, 2011. The second set of incidents occurred in July, 2015.

Plaintiffs' Complaint states as its sole cause of action[2]: "First Claim for Relief (Civil Rights violations of Title VII)". Complaint at p. 9. Title VII prohibits discrimination <u>in the workplace</u>. Plaintiffs do not allege that they were employees of defendants. Thus Title VII is inapplicable to this case. However, the Court is required to construe pro se claims liberally and thus the Court analyzes the Complaint for any possible constitutional or statutory claims that withstand the test set forth in 28 U.S.C. § 1915(e).

The text of the First Claim for Relief alleges that "Plaintiffs are of the 'protected class' because of their race, national origin and disability. Defendants' actions complained above herein, including but not limited to their refusal to provide disability accommodation and services on behalf of a disabled individual was intentional and discriminatory." Complaint at p. 9. Plaintiffs then describe "the handcuffing of Plaintiff without cause by the Security Guard", a letter written to Plaintiff which allegedly constituted "intimidation, retaliation and discrimination", and "[r]epeatedly talking to Plaintiff in the presence of several individuals in the SSA's Office while laughing constitutes humiliation . . . in violation of Title VII of the Civil Rights act." Complaint at pp. 9-10. None of these allegations constitute claims for which relief can be granted in federal court. First, the handcuffing and letter of which Plaintiffs complain occurred in

---

[2] The other enumerated "Claims for Relief" actually do not set forth claims for relief but only describe the form of relief Plaintiffs seek: "Actual Damages", "Damages for Emotional Distress", "Punitive Damages", "Pre-judgment and Post-judgment Interest", and an "Injunction."

2010 which is more than 5 years ago – well past the running of any applicable statute of limitations. *Burnett v. Grattan*, 468 U.S. 42, 48-49 (1984); 42 U.S.C. § 1988; A.R.S. § 12-821.01; A.R.S. §12-542. At best Plaintiffs could argue for the applicability of a two-year statute of limitations and even this time period has passed and these claims may no longer be brought in federal court. It also appears from the exhibits attached to their Complaint that Plaintiffs pursued an administrative claim with the Social Security Administration. This administrative claim process concluded in 2011 and Plaintiffs did not thereafter file a claim in federal court. Exhibit 15 to the Complaint. Nor did they comply with the limitations period under the Federal Torts Claims Act. *United States v. Kubrick*, 444 U.S. 111 (1979).

The 2015 incident that occurred in the Social Security Office where Plaintiffs claim that the employees of the Social Security Administrative talked in front of others and laughed does not state a constitutional claim either. The Constitution is not a guarantee of general civility. Plaintiffs must suffer a serious deprivation of rights in order to invoke the jurisdiction of the federal courts. A thorough examination of Plaintiffs' Complaint does not reveal any such deprivation. Mr. Odigwe apparently has been barred from SSA offices but there is no suggestion that he or his dependent have suffered a loss of services in light of the Social Security Administration's willingness to conduct business with Plaintiffs over the telephone or via the mail. Exhibit 8. The same is true with respect to the allegation that the SSA's refused to deal with Ms. Odigwe in person (although the Complaint does not ever allege that she appeared at a SSA office outside the presence of her husband). There is no suggestion in the Complaint that she or her dependent have been deprived of some constitutional or statutory right by the actions complained of in the Complaint. Moreover the Complaint does not allege that Plaintiffs' dependent, who receives Social Security benefits, has not received benefits because of actions complained of in the Complaint.

The Complaint also alleges "[r]etaliation for previously filing Complaints against the Social Security Administration[]." Complaint at p. 1. But again, there is no

allegation in the Complaint that Plaintiffs suffered a loss of a constitutional or statutory benefit because of any retaliation.

Finally, Plaintiffs include in their Complaint a request for the appointment of an attorney. There is, however, no right to a court-appointed attorney in a civil case absent extraordinary cause which Plaintiffs have not demonstrated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). Appointment of counsel in a civil rights case is required only when exceptional circumstances are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). In determining whether to appoint counsel, the court should consider "(1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim." *Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991) (citing *Ivey*, 673 F.2d at 269).

Accordingly, **IT IS ORDERED** granting the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2).

**IT IS RECOMMENDED** that the Complaint be dismissed. The Court recommends dismissal because amendment would appear to be futile in light of any possible consideration of the facts which Plaintiffs have asserted and the applicable law.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will

be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 10th day of August, 2015.

_____
David K. Duncan
United States Magistrate Judge

cc: SRB